**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

**ALIU ALABI,**

**Plaintiff,**

**v.** **Civ. No. 24-493 GJF/DLM**

**BROOK ROLLINS, Secretary,**
**U.S. Department of Agriculture,**

**Defendant.**

**MEMORANDUM OPINION AND ORDER**

This case is before the Court on two motions filed by Plaintiff to strike portions of a witness's declaration as well as answers to interrogatories proffered by Defendant in support of her motion for summary judgment. In his first motion [Dkt. No. 99], Plaintiff moves to strike portions of the declaration of Jonna Anderson ("Anderson"), his former supervisor. *See* Dkt. No. 90-1. In the second [Dkt. No. 100], Plaintiff asks the Court to strike answers to interrogatories provided by U.S. Department of Agriculture employee Melissa Dittmann. *See* Dkt. No. 90-18. Defendant filed a single response to both motions [Dkt. No. 105], to which Plaintiff filed his reply [Dkt. No. 108], and therefore both motions are fully briefed. For the following reasons, the Court will deny both motions.

**DISCUSSION**

**I. Motion to Strike Declaration [Dkt. No. 99]**

**A. Legal Standard**

The Federal Rules of Civil Procedure provide that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible

in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). "Under the personal knowledge standard, an affidavit is inadmissible if the witness could not have actually perceived or observed that which he testifies to." *Argo v. Blue Cross Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1200 (10th Cir. 2006) (internal quotation and citations omitted). Statements made without personal knowledge must be disregarded. *Id*. The court should also disregard legal conclusions. *See Jones v. Barnhart*, 349 F.3d 1260, 1270 (10th Cir. 2003) (finding that the district court did not abuse its discretion in relying on the declarations to the extent they contained relevant and admissible evidence and disregarding inadmissible hearsay and legal conclusions). To enforce Rule 56(c)(4), "the court ordinarily does not strike affidavits, but simply disregards those portions that are not shown to be based upon personal knowledge or otherwise do not comply." *Stevens v. Water Dist. One of Johnson Cty.*, 561 F.Supp.2d 1224, 1231 (D. Kan. 2008).

**B. Plaintiff's Arguments**

Plaintiff makes three arguments. First, he disputes Anderson's statement in Paragraph 2 of her declaration that, besides Alabi, she also supervised other HR Specialists comprising the ASC Service Team. Plaintiff argues that Anderson's assertion should be stricken because it is an inaccurate statement.

Second, Plaintiff cites Paragraph 3 of Anderson's declaration in which she discusses directing team members to provide her with a list of accomplishments to assist her in preparing their 2019 performance ratings. In the final sentence of that paragraph, Anderson states, "All team members responded to me on or before September 16, 2019." Plaintiff asks the Court to strike this sentence because Anderson cannot produce documentary evidence to support her assertion that all team members responded to her on or before September 16, 2019. He cites Defendant's response

[Dkt. No. 98] to his motion for summary judgment, in which Defendant admits that "the Agency did not retain emails collected from other employees listing their individual accomplishments, but disputes that Plaintiff's citations support a finding that they were not submitted and considered in their performance evaluations." Dkt. No. 98 at 4.

Third, Plaintiff asks the Court to strike Anderson's statement in Paragraph 7 of her declaration that, "During the rating period, I provided Mr. Alabi with examples of things he could do to receive a higher rating such as mentoring new employees or shadowing in other departments." As grounds for this request, Plaintiff states that "[t]here was no evidence to support the statement."

**C. Analysis**

Plaintiff has failed to identify valid grounds to strike the portions of Anderson's declaration to which he objects. First, Anderson's statements about (1) who she supervised in her capacity as Supervisory Human Resource Specialist for the Department of Agriculture and (2) the nature of the communications she had with those employees, including Plaintiff, are matters within her personal knowledge because those subjects were within her job duties. Plaintiff does not argue that Anderson's statements are not admissible at trial, and they are not mere legal conclusions. The fact that Plaintiff disputes Anderson's testimony does not mean that the Court should strike her statements. The Court may not make credibility determinations at this stage, nor may it weigh the evidence. Plaintiff cites no authority to the contrary.

Second, Plaintiff's argument that portions of Anderson's declaration must be stricken because there is no documentary evidence to corroborate them has no basis in law. The Court is unaware of any legal authority requiring a declarant's statements to be corroborated by other evidence, and Plaintiff cites none. Again, Plaintiff is asking the Court to weigh the evidence, assess

Anderson's credibility, and then discard Anderson's testimony as unreliable because it is not corroborated. This is not the Court's function on a motion for summary judgment.

The motion to strike Anderson's declaration will be denied.

## II. Motion to Strike Answer to Interrogatories [Dkt. No. 100]

### A. Legal Standard

Rule 33(b) of the Federal Rules of Civil Procedure requires:

> (1) ... [I]nterrogatories must be answered:
> (A) by the party to whom they are directed; or
> (B) if that party is a . . . governmental agency, by any officer or agent, who must furnish the information available to the party.
> ...
> (3) ... Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath.
> ...
> (5) ... The person who makes the answers must sign them, and the attorney who objects must sign any objections.

Fed. R. Civ. P. 33(b).

Under Rule 33, answers to interrogatories must be verified and must be signed by the person answering the interrogatory, not only by the party's attorney. *Hindmon v. Natl.-Ben Franklin Life Ins. Corp*., 677 F.2d 617, 619 (7th Cir. 1982) (observing that interrogatory answers signed only by attorney and not by party violated "the clear mandate of Federal Rule of Civil Procedure 33(a)").

### B. Plaintiff's Argument

Plaintiff argues that the Court should strike answers to interrogatories by Department of Agriculture employee Melissa Dittmann that are attached to Defendant's motion for summary judgment because she did not sign them as required by Rule 33(b). Dkt. No. 100 at 1; *see also* Motion for Summary Judgment, Dkt. No. 90-18. In her response to the motion to strike, Defendant

states that in responding to Plaintiff's discovery requests, she collected information and certifications from each individual who contributed to its answers to interrogatories. Dkt. No. 105 at 3. Defendant states that Dittmann contributed answers to interrogatories 6 and 8 and then signed those answers electronically, and that Defendant then forwarded her answers to Plaintiff on June 2, 2021.[1] *Id*. Defendant's counsel states that they have "since learned that electronic signatures on digitally signed documents uploaded to the Federal Sector EEO Portal (FedSEP) on occasion would not be transmitted." *Id*. at 4. In an attempt to remedy this deficit, Defendant attached Dittmann's answers to interrogatories 6 and 8 to her brief. Dkt. No. 105-1. The electronic signature on page 6 shows that Dittmann signed it on June 2, 2021. *Id*. at 6 of 7. Plaintiff still maintains, however, that it should be stricken.

**C. Analysis**

Based on the evidence before it, the Court concludes that in accordance with Rule 33(b), Dittman signed her answers to interrogatories 6 and 8 on June 2, 2021. Plaintiff has not come forward with evidence to dispute Defendant's evidence that Dittmann signed the answers to interrogatories when they were served on Plaintiff in June 2021, or that the electronic signature failed to transmit. Further, Plaintiff has not demonstrated that he has been in any way prejudiced by the lack of signature. He does not contend that Dittmann's answers contain information previously unknown to him. Finally, Plaintiff has not explained why he waited almost five years after receiving the answers to object to the lack of signature. Plaintiff's only substantive argument can be found in his reply in which he states that Defendant is "attempting to create a sham argument." Dkt. No. 108 at 5. Plaintiff points to the fact that the version of the answers to

---

[1] The interrogatories were propounded upon Defendant in a proceeding before the U.S. Equal Opportunity Commission several years before the commencement of this lawsuit.

interrogatories attached to Defendant's motion for summary judgment [Dkt. No. 90-18] has an exhibit number and page in the bottom right corner, whereas the versions of the document that Plaintiff attached to his Complaint [Dkt. No. 2 at 13] and then attached by Defendant to her response to the motion to strike [Dkt. No. 105-1], contain no such exhibit and page numbers. *See* Dkt. No. 108 at 5. The Court sees nothing nefarious in this. The logical inference is that at some point Dittmann's answers to interrogatories were used as an exhibit and marked as such. The Court has compared the documents and has found no difference in the substantive content, much less any attempt to "create a sham."

Because Dittmann did sign her answers to interrogatories as required by Rule 33(b), the Court will deny the motion to strike them.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Strike Portion [sic] of Ms. Anderson Declaration, Dkt. No. 99, is **DENIED**. Plaintiff's Motion to Strike Melissa Dittmann's Response to Complainant's Request for Interrogatories, Dkt. No. 100, is also **DENIED**.

**UNITED STATES MAGISTRATE JUDGE**
***Presiding by Consent***